1

2

3

4 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
5 AT TACOMA

6 GARY CASTERLOW-BEY,
Case No. C17-5647-BHS-TLF
7 Plaintiff,

v. ORDER TO SHOW CAUSE OR
8 AMEND THE COMPLAINT
ANDREA JARMON, DEPARTMENT OF
9 ASSIGNED COUNSEL,

10 Defendants.

11
Plaintiff Gary Casterlow-Bey, proceeding *pro se* and *in forma pauperis*, filed a proposed
12
civil rights complaint. The Court declines to serve the complaint because Mr. Casterlow-Bey has
13
failed to state a claim for relief under 42 U.S.C. § 1983. However, the Court will give Mr.
14
Casterlow-Bey an opportunity to show cause why his complaint should not be dismissed or to
15
file an amended complaint to cure, if possible, the deficiencies noted herein.
16
**DISCUSSION**
17
Mr. Casterlow-Bey is suing his public defender, Andrea Jarmon, and the Department of
18
Assigned Counsel ("DAC") for alleged discrimination, slander, libel, and assault. First, the
19
complaint Mr. Casterlow-Bey filed is deficient because the allegations flow from Ms. Jarmon's
20
representation of Mr. Casterlow-Bey as his public defender within the scope of her traditional
21
function. Second, the complaint is deficient because the DAC is not a "person" and is therefore
22
an improper defendant to be sued under § 1983.
23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

1  Mr. Casterlow-Bey states that he is disabled. He asserts that due to his ex-felon status,

2  Ms. Jarmon "refused to pursue medical documentation to establish before the court [his] medical

3  condition." Dkt. 1-1, p. 2. Ms. Jarmon allegedly stated to Mr. Casterlow-Bey that a jury would

4  not believe him, and that he would never win a case in court because "a police officer's

5  credibility always trumps a liar, ex-convict in a wheelchair." *Id*. Furthermore, Mr. Casterlow-

6  Bey alleges that Ms. Jarmon made sexual advances on him. She allegedly wrote her phone

7  number on a piece of paper and winked at him. Dkt. 1-1, p. 3. Mr. Casterlow-Bey fears that Ms.

8  Jarmon will use her connections and associations within the Pierce County law enforcement

9  community to force him to take a plea deal because he refuses her sexual advances. *Id*.

10  Mr. Casterlow-Bey's complaint fails to state a cognizable claim under § 1983. To state a

11  claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was

12  committed by a person acting under color of state law and (ii) the conduct deprived a person of a

13  right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v.*

14  *Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S.

15  327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of

16  these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

17  Mr. Casterlow-Bey has not met the first prong. "[A] lawyer representing a client is not,

18  by virtue of being an officer of the court, a state actor 'under color of state law' within the

19  meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). A state public defender

20  performing traditional lawyer functions is not a state actor. *Polk County,* 454 U.S. at 324-25;

21  *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Here, Mr. Casterlow-Bey's

22  allegations relate to Ms. Jarmon's traditional functions as a public defender. The acts alleged by

23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

1  the plaintiff flow from Ms. Jarmon's legal representation in Mr. Casterlow-Bey's case, and

2  therefore she is not a state actor and cannot be sued under § 1983.

3  Additionally, Mr. Casterlow-Bey also names the DAC as a defendant, but this entity is

4  not a proper defendant in this action. In order to obtain relief against a defendant under 42 U.S.C.

5  § 1983, a plaintiff must prove that the particular defendant has caused or personally participated

6  in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d

7  1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). The

8  plaintiff must set forth specific facts showing a causal connection between each defendant's

9  actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

10  Cir. 1980). In addition, defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a

11  theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325

12  (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). "At a minimum, a

13  § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or

14  knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421

15  (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). Here, Mr. Casterlow-Bey names the DAC but

16  fails to clearly state the alleged wrong-doing of the DAC.

17  Furthermore, Mr. Casterlow-Bey fails to allege that he suffered any actionable harm in

18  this case. He alleges only that he is "developing a conspiracy phobia as a result of this ordeal."

19  Dkt. 1-1, p. 3-4. He alleges no other facts or circumstances regarding any conduct that deprived

20  him of a right, privilege, or immunity.

21  Ms. Jarmon's conduct relates to functions traditionally performed by a public defender,

22  she is therefore not liable under § 1983. The DAC is not a proper defendant and Mr. Casterlow-

23  Bey has not alleged personal participation by the DAC. Mr. Casterlow-Bey must show cause

24

25

why his claims against Ms. Jarmon and the DAC should not be dismissed for failure to state a claim.

**CONCLUSION**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 29, 2017**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 1st day of September, 2017.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4