1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

GARY CASTERLOW-BEY,

Case No. C17-5647 BHS-TLF

7

Plaintiff,

8

v.

**REPORT AND
RECOMMENDATION**

9

ANDREA JARMON,

**Noted for <u>November 10, 2017</u>**

10

Defendant.

11      This matter is before the Court on plaintiff's filing an amended civil rights complaint.

12   Dkt. 11. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been

13   referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261

14   (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). On August 11, 2017, plaintiff filed

15   his first complaint in this matter. Dkt. 1-1. The Court found that the complaint failed to state a

16   claim and ordered plaintiff to show cause or amend the complaint. Dkt. 8. In response, plaintiff

17   filed an amended complaint alleging substantially identical facts as his original complaint. Dkt.

18   11.

19      For the reasons set forth below, plaintiff's amended complaint is fatally deficient, and

20   therefore the undersigned recommends that the Court **DISMISS** this action with prejudice for

21   failure to state a claim, and that the dismissal count as a strike under 28 U.S.C. § 1915(g).

22   Plaintiff's motion for Temporary Restraining Order (Dkt. 9) and plaintiff's Motion for

23

24

25

REPORT AND RECOMMENDATION - 1

Temporary Restraining Order and Motion to Consider Expedited Ruling on Motion for

Protective Order (Dkt. 10) should also be **DENIED** as moot.

BACKGROUND

Plaintiff is suing his public defender, Andrea Jarmon, for alleged sexual misconduct. He

alleges that Ms. Jarmon gave plaintiff her private number and said to call her later, and she stated

provocatively that she "wished they had met under different circumstances," and made

comments such as: "I just wanna hear your sexy voice." Dkt. 11, at 3. He alleges that Ms.

Jarmon made additional remarks that were sexual in nature and offensive to him. Dkt. 11 at 5. He

argues that it is wrong for a criminal defense attorney to pursue a personal agenda of sexual

comments and "attempted seduction" because an indigent person accused of a crime must rely on

their appointed attorney. Dkt. 11 at 3. Plaintiff alleges that Ms. Jarmon's conduct has caused him

emotional distress and trauma, and that his Fifth, Sixth, and Fourteenth Amendment rights are

violated. *Id*.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any

time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a

claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228

(9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim,

though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and

an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,

1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638

(9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). The Court has done so here. Dkt. 8. The complaint must contain factual allegations that, if accepted as true, are sufficient to state a claim to relief that is facially plausible. *Nordstrom v. Ryan,* 762 F.3d 903, 908 (9th Cir. 2014). A federal district court is required to liberally construe a pro se pleading and may dismiss a pro se complaint without leave to amend only if the Court is convinced "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017) (quoting *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000)).

Plaintiff fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.    Improper Defendant**

In his amended complaint, plaintiff alleges Defendant Andrea Jarmon violated his constitutional rights and is therefore liable under § 1983. Dkt. 11. Ms. Jarmon is plaintiff's defense attorney during his criminal case. To state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312,

318 (1981). The Court previously warned plaintiff on September 1, 2017 that his defense attorney is not a state actor liable under § 1983. *See* Dkt. 8. As Ms. Jarmon is not a state actor and therefore cannot be liable under § 1983, the complaint against her should be dismissed.

**B.    No Actionable Harm**

Furthermore, plaintiff fails to allege that he suffered any actionable harm in this case. § 1983 provides only a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or by federal statutes. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *see Gonzaga Univ. v. Doe*, 536 U.S. 273 279 (2002). It does not provide a cause of action against standard tort violations such as emotional distress. Here, plaintiff alleges only that he is "distraught," "cannot focus on the judicial process," and "needs to see a mental health provider." Dkt. 11, at 3. Although he claims his Fifth, Sixth, and Fourteenth Amendment rights were violated, plaintiff does not provide factual basis for these constitutional violations, only that he has experienced "psychological damage and emotional trauma," *Id.* at 4, which does not fall under the aforementioned amendments. As such, plaintiff has not demonstrated actionable harm in this case, despite being instructed by the Court in its Order to Show Cause or Amend the Complaint. Dkt. 8.

**C.    Leave to Amend**

The United States Court of Appeals for the Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The legal standard for failure to state a claim under the screening statute of the PLRA, 28 U.S.C. §1915, incorporates the standard that applies to a

motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6). *Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012).

Under *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009), "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order for the case to survive a motion to dismiss under FRCP 12(b)(6). The Court provided plaintiff with notice of the deficiencies regarding the claims against this defendant. *See* Dkt. 8. The Court finds plaintiff has failed to allege facts sufficient to show any plausible set of circumstances under which Defendant Andrea Jarmon would be liable.

As plaintiff has been given leave to amend and has been instructed regarding the deficiencies of all his claims, the Court recommends plaintiff not be given another opportunity to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."). Plaintiff provided no new information or factual contentions to overcome the deficiencies of his complaint. Dkt. 11. Further, plaintiff fails to show cause as to why his complaint should be allowed to proceed beyond the initial screening.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted and the dismissal should be counted as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for Temporary Restraining Order (Dkt. 9) and plaintiff's Motion for Temporary Restraining Order and Motion to Consider

Expedited Ruling on Motion for Protective Order (Dkt. 10) should also be denied as moot, if the Court adopts this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have **fourteen (14) days** from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 10, 2017,** as noted in the caption.

Dated this 26th day of October, 2017.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6